## J. HAMILTON et al. v. THE STATE..

1. CHARGE OF THE COURT—PENALTY.—In a felony case the jury were correctly instructed as to the term of confinement to which the accused, if guilty, were amenable; but were not instructed that such confinement was to be in the penitentiary. *Held*, that the charge is erroneous because not the law of the case.

2. SAME—INTENT IN THEFT.—When there was evidence, in a theft case, tending to exonerate the accused from a guilty intent in taking the property, the defense was entitled to an instruction directing the attention of the jury to the question of intent.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. E. LEWIS.

*John Ireland*, for the appellants.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. On the trial below, the court instructed the jury as follows:

" If the jury find the defendants guilty of the theft as charged in the indictment, they will so say, and will assess the punishment, if the value of the property be worth $20 or over, not less than two nor more than five years ; if the value was less than $20, for a term not less than one nor more than two years."

This charge is not the law of the case, in that it fails to say where the confinement must be.

The following charge was asked by the defendants, and was refused :

" In this cause the intent is the gist of the offense, and, if you believe from the evidence that the defendants had no criminal intent in taking the hogs, then you will acquit the defendants."

Under the evidence the accused were entitled to a charge calling the attention of the jury to the question of intent.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*